## FLURRY v. THOMAS.

### Opinion delivered December 8, 1919.

PARTITION—ALLOTMENT—EXCEPTIONS.—The fact that two sets of commissioners in a partition suit made practically the same allotments did not justify the chancellor in refusing to hear appellants' exceptions thereto, and to determine whether the allotment constituted a fair and just division of the lands according to value and quality.

Appeal from Logan Chancery Court, Northern District; *J. V. Bourland,* Chancellor; reversed.

*John M. Parker,* for appellant.

The partition was not fair and equitable. The report was not sworn to and the allotment to appellant was inferior in value and quantity and it was error to refuse to hear testimony as to the quality and value of the land and the fairness and equality of the allotment. Authorities are not necessary to be cited.

McCULLOCH, C. J. Appellants and appellees are owners as tenants in common of forty acres of land in Logan County, and this action was instituted for the purpose of having a partition of said lands. The chancery court rendered a decree for partition, there being no controversy as to the several interests of the respective parties, and appointed commissioners, who made a report allotting 13 1/3 acres on the north side of the forty-acre tract to appellants, on condition that appellants pay to appellees the sum of $200 for the purpose of equalizing the valuation of the several tracts allotted. Exceptions to the report were filed by appellants, which the court sustained, and the court appointed new commissioners, who made a report at the next term of court awarding to appellants 10 acres on the north side of said tract. Appellants filed exceptions to the last report and also filed in support of the exceptions the affidavits of numerous parties who resided in the neighborhood and were familiar with the condition and value of the lands. The testimony set forth in the affidavits tended to show that

the ten-acre tract allotted to appellants, was, to a very considerable extent, inferior in quantity and value to the other portions of the land, and that the allotment to appellants was not fair and equal, either in value or quantity.

The court refused to hear testimony on the question of quality and value of the several tracts allotted to the parties on the ground stated in the decree that the last allotment made by the commissioners was practically the same as that made by the first commissioners. The court overruled appellants' exceptions and confirmed the report, from which appellants have prosecuted an appeal.

The chancery court erred in refusing to hear testimony as to the quality and value of the land. The last allotment made by the commissioners was not practically the same as that made in the former report, but, even if that had been true, it does not preclude the court from determining whether or not the allotment constituted a fair and just division of the lands according to value and quality.

The decree is, therefore, reversed and the cause remanded with directions to the chancery court to hear testimony on the subject of the fairness and equality of the allotments made by the commissioners.